JAMES H. CARNEY, ET AL., *vs.* SUPERIOR COURT.

JANUARY 19, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, J J.

(1)  *Writ of Error.   Parties.*

No person is entitled to a writ of error, other than a party or privy to the record, or one who has been injured by the judgment and will be benefited by its reversal, or one who is competent to release error.

(2)　*Writ of Error.　Parties.　Probate Law.*

At a hearing in a District Court, upon a disallowed claim, counsel for certain residuary legatees, who had filed their objections to the claim in the Probate Court, appeared and examined witnesses, and acted for the executor in claiming jury trial.　More than six months after notice to claimant of the disallowance of the claim, the executor entered into an agreement with counsel for claimant (plaintiff) in the Superior Court, amending the writ and declaration, and submitted to judgment for plaintiff.　On writ of error, by residuary legatees,

*Held*, that they were neither parties nor privies to the record, and the writ must abate.

*Held*, further, that the executor was the only proper party to represent the estate, and, the statutes having provided the manner in which the estate should be represented, all other ways were excluded.

WRIT OF ERROR, on facts fully stated in opinion.

DUBOIS, C. J.　A writ of error in the above entitled cause was issued upon the following petition:

"James H. Carney and Bridget Carney of the City and County of Providence and State of Rhode Island bring this their petition for a writ of error against the Superior Court of the Counties of Providence and Bristol in said State and respectfully represent unto Your Honors:—

"I.　That they are devisees and legatees residuary under the last will and testament of James Gilbane, late of the City of Central Falls, in said County and State, deceased, and are entitled to shares in the estate of their said testator in value approximating four-fifths thereof.

"II.　That one John B. Hawkins was named in said last will and testament and confirmed by the Probate Court of said City of Central Falls as the executor thereof, accepted said trust and qualified in accordance with law.

"III.　That one Margaret Gilbane filed a claim in the office of the Clerk of the Probate Court of said Central Falls against the estate of said James Gilbane, testate, on, to wit, the fifth day of December, A. D. 1907.

"IV.　That these petitioners filed their objections to said claim of said Margaret Gilbane under and by virtue of the provisions of Section 886 of the Court and Practice Act within the time allowed by law.

"V.　That said John B. Hawkins as said executor disallowed

said claim of said Margaret Gilbane by disallowance filed in the office of the Clerk of the Probate Court of said Central Falls on the seventh day of May, A. D. 1908, and gave notice to said claimant in accordance with law within the period of time prescribed by law on the seventh day of May, A. D. 1908.

"VI.   That said Margaret Gilbane brought suit on the day of     A. D. 1908, against said John B. Hawkins not as executor of said last will and testament of said James Gilbane, deceased, but against 'John B. Hawkins, administrator of the estate of James Gilbane deceased, late of Central Falls, in said County' in the District Court of the Eleventh Judicial District, wherein decision was rendered upon trial thereof in favor of the plaintiff for the full amount of the claim in the sum of Five Hundred Dollars.

"VII.   That said John B. Hawkins claimed a jury trial and appealed said suit to the Superior Court in the County of Providence whereto said writ and declaration was certified from said District Court and wherein said action is recorded under the number and title of -'Law No. 24596, *Margaret Gilbane* vs. *John B. Hawkins.*'

"VIII.   That said John B. Hawkins on, to wit, the nineteenth day of May, A. D. 1909, more than six months after the service of the notice upon the said Margaret Gilbane of disallowance of her said claim against said estate of said James Gilbane entered into an agreement with said Margaret Gilbane filed and recorded in said Superior Court whereby said Margaret Gilbane was permitted to amend her writ and declaration in said action Law No. 24,596 in such manner as to change the defendant therein from 'John B. Hawkins, administrator of the estate of James Gilbane, deceased, late of Central Falls, in said County' to 'John B. Hawkins, as executor of the last will and testament of James Gilbane, late of Central Falls, deceased' and to file a new declaration setting forth a promise and undertaking by the said testator to and with said Margaret Gilbane and said agreement was allowed and re-entered by said Superior Court.

"IX.   That said John B. Hawkins on, to wit, the twenty-fourth day of May, A. D. 1909, submitted to judgment as said

executor in favor of said plaintiff Margaret Gilbane for the full amount of her said claim in the sum of Five Hundred Dollars and said Judgment was entered and recorded by said Superior Court as the judgment of said Superior Court.

"X. That said Superior Court on said nineteenth of May, A. D. 1909, after the expiration of the period of six months succeeding the service of notice of disallowance of her claim upon said Margaret Gilbane by said executor was without jurisdiction to permit the amendment of said writ and declaration in such manner as to substitute the executor of the last will and testament of said James Gilbane for said John B. Hawkins the individual as party defendant.

"XI. That said judgment of said Superior Court against the estate of said James Gilbane is null and void and of no legal effect in that the writ upon which said judgment purports to be founded was not issued and served upon the executor of the last will and testament of said James Gilbane within six months after the notice to said claimant of the disallowance of her said claim.

"Wherefore your petitioners pray that this Court will issue its writ of error to said Superior Court of the Counties of Providence and Bristol to certify the records relating to the action hereinbefore described to this Court to the end that the errors therein appearing may be corrected and judgment entered therein as law and justice may require."

And after the writ was returned to this court, with the records and proceedings of the Superior Court in the case of *Margaret Gilbane, Plaintiff* v. *John B. Hawkins, Defendant,* wherein the error, sought to be corrected by this proceeding, is alleged to have happened, the said Margaret Gilbane filed her answer thereto, as follows:

"I. Margaret Gilbane, the plaintiff of record in the above petition for a writ of error, makes answer to the several allegations contained in said petition: and says:—

"The testator was an uncle by blood of the husband of this plaintiff, and said testator being afflicted with a cancer of the face, prevailed upon the plaintiff and her said husband to take said testator into their home, where the plaintiff personally

nursed and cared for said testator for nine and one-half months, or 256 days. She cleansed the sore, which was eating away the man's throat and face, and performed other distasteful work for him.

"The executor of the last will and testament of said deceased, John B. Hawkins, the defendant of record in the action referred to in this petition, was an intimate, personal friend and business manager of said testator. Said Hawkins knew of the services of this plaintiff above mentioned, and knew that the testator had promised to pay for the same.

"II. The plaintiff filed a claim in the Probate Court of Central Falls for the sum of $768.00, the same being at the rate of three dollars per day for 256 days services. Upon being informed that certain devisees of said testator objected to said claim, said Hawkins formally rejected said claim and requested the plaintiff to bring an action to recover the same.

"Upon information that said Hawkins was intending to be absent from the country for several months, this plaintiff brought her action in the District Court of the 11th Judicial District at Central Falls, and filed in said court a remittitur of $268.00 of said claim, because she was assured by said Hawkins and his Attorney, that if, on trial of the same in said court she should recover judgment, the same should be immediately paid and she should not be obliged to await the delays of a trial in the Superior Court. Owing to the fact that the attorney for the plaintiff was cognizant of this undertaking, and looked upon the suit as merely formal, the writ issued described the executor as 'administrator' by mistake. The action was duly tried, said executor being called as one of the witnesses for the plaintiff. Decision was rendered for the plaintiff for $500.00.

"Edward DeV. O'Connor was attorney of record for said executor in said District Court. Edward M. Sullivan was present at the trial and cross-examined the witnesses called by the plaintiff. Said Sullivan is the present attorney for the petitioners in this petition for a writ of error. Said Sullivan was at no time attorney of record in said case, but, contrary to the wishes, and without the authority of said Executor, he

filed a claim for a jury trial of said action, and the papers in the case were certified to our Superior Court.

"III.   At no time had the petitioners in the petition at bar become parties of record to the action of the plaintiff aforesaid, and said executor submitted to judgment for the plaintiff in said Superior Court.   Whereupon these petitioners attempted to bring exceptions before this Supreme Court, when it was discovered that there were defects in the original writ, that the exceptions did not lie.

"IV.   The case having been remitted to the Superior Court, counsel for the plaintiff and counsel for the said executor, with the consent and approval of said executor, agreed to amend the writ and declaration in said action, first entering an agreement to vacate the judgment theretofore entered in said action in said Superior Court.

"V.   Said writ and declaration having been amended, the said executor again submitted to judgment for the plaintiff for the sum of five hundred dollars and no costs.   Thereupon these petitioners filed the present petition for a writ of error.

"VI.   And the said Margaret Gilbane further answering says that said amendments were properly and lawfully made; that said petitioners were not and are not parties of record in said action, and are not entitled to bring this petition and are not entitled to said writ of error, and she prays that said petition be dismissed."

It appears, from an inspection of the records, that, after the rendition of the opinion by this court in *Gilbane* v. *Hawkins*, 29 R. I. 502, May 13, 1909, the parties in said suit, by their attorneys, did, on the nineteenth of May, 1909, file an agreement in the Superior Court, approved by a justice thereof, that an entry be made in the cause whereby the judgment was vacated, and the plaintiff was allowed to amend her writ and declaration to show action against estate of defendant's testator.   On the same day an amended declaration containing the necessary averments was filed in said court, and on the twenty-first day of May, 1909, the attorneys of the said parties filed an agreement in the Superior Court, approved by the same justice, that the following entry be made:   "Deft submits to judgment for

plaintiff for $500 five hundred dollars, upon amended writ and declaration."

The action of the Superior Court in allowing, permitting, and approving the foregoing proceedings constitutes the error complained of.

(1)        Before proceeding to the consideration of the question whether error has or has not been committed, it is necessary to determine whether the petitioners are parties or privies to the record; for it is the general rule that no person is entitled to a writ of error other than a party or privy to the record, or one who has been injured by the judgment and will be benefited by its reversal, or one who is competent to release error. 7 Encyc. Pl. & Pr. p. 856, x. and cases cited. The petitioners are residuary devisees and legatees under the last will and testament of James Gilbane, deceased, and in their bill of exceptions considered by this court in *Gilbane* v. *Hawkins, supra,* entitled themselves: "appellants in the name of said John B. Hawkins, executor of said last will and testament from the decision of the District Court of the Eleventh Judicial District." The foundation of the right to such designation appears in the following rescript in the case:

"SWEETLAND, P. J. In this case the plaintiff moves that the claim of jury trial made in the name of the defendant after the decision of the District Court of the Eleventh Judicial District be dismissed as unauthorized by the defendant.

"The plaintiff's action is based upon her claim against the estate of the defendant's testator, James Gilbane, late of Central Falls, deceased.

"Bridget Carney and James H. Carney, devisees and legatees under the last will of said James Gilbane, filed in the office of the clerk of the Probate Court their objection to the allowance of said claim.

"At the trial of said cause in said District Court, the defendant executor permitted Edward M. Sullivan, Esq., as attorney for said Bridget and James H. Carney, to represent him. After the decision in the District Court the said Edward M. Sullivan Esq., as attorney for the defendant in behalf of

Bridget and James H. Carney, claimed a jury trial in the name of the defendant.

"The defendant did not specifically authorize Mr. Sullivan to claim a jury trial in his name, but the defendant has not withdrawn his claim of jury trial and has not asked the court to dismiss the same as unauthorized by him.

"In the circumstances of the case the court will not dismiss the claim of jury trial upon the motion of the plaintiff. Motion denied."

(2)    There is no validity in the claim of the petitioners that they were appellants in the name of the defendant executor. It is true that their counsel did act for said executor in the claim for jury trial, but he could only act as counsel for the executor during the pleasure of the latter. The claim of the petitioners to be parties or privies to the record depends solely upon the fact that they are residuary devisees and legatees under the will of James Gilbane. Their particular claim to consideration is the fact that it is for their interest to minimize the amount of debts provable against the estate of James Gilbane in order to conserve the assets thereof so that a balance in their favor may remain after the payment of debts, legacies, and expenses of administration. Their rights in the premises are purely statutory, and can not be enlarged or diminished beyond legislative enactment. C. P. A. § 886, inter alia, provides that "any person interested may, during the time within which an executor or administrator may disallow a claim, file his objections in the office of the clerk of the Probate Court to any claim, which shall have the same force as the disallowance of the claim by an executor or administrator." The petitioners, being interested, did so file their objections, and the executor disallowed the claim. C. P. A. § 888, provides that the executor or administrator may, within ten days after disallowance of a claim, if the estate is solvent, file a request that claims disallowed be proved before commissioners. This provision is not compulsory, and the executor did not file such a request. Section 891 provides that if the estate is solvent, and commissioners are not appointed, suit must be brought on a disallowed claim within six months after notice is given to the cred-

itor that the same is disallowed. This was done, but in the manner set out in the petition. There is no provision for making interested persons *parties* to the suit, and there is no way known to the court by which such persons can be made *parties* thereto. By privies, within the meaning of the general rule hereinbefore referred to, are meant heirs, executors, administrators, terre tenants, or those having an interest in remainder or reversion, or one who is made a party by the law, as he who comes in as a vouchee. Encyc. Pl. & Pr. p. 857 (2). In the case at bar the executor was the proper party defendant, and, for anything that appears to the contrary, he is alive and capable of representing the estate; and if not, his place as party could only be filled by a like officer representing the estate. Even in such a case it has been held that an *administrator de bonis non* can not, in the absence of statute, maintain a writ of error to reverse a judgment recovered by the original executor,—*Grout, Admr.,* v. *Chamberlin,* 4 Mass., 611 (1808), wherein the opinion was rendered by Parsons, C. J.: " . . . there is in law no privity between the executor and the *administrator de bonis non cum testamento annexo;* and a judgment recovered by the executor cannot be executed by the succeeding administrator. . . . By an *English* act of Parliament (17 Car. 2, c. 8,) not in force here, provision is made that the second administrator may execute a judgment recovered on verdict by the first administrator; and it is to be wished that we had some statute including the same, and perhaps some further provisions." But where such privity has been created by statute it has been held that the *administrator de bonis non* may prosecute or defend a writ of error for or against the previous administrator without revivor. See the case of *Mayer* v. *McLure,* 36 Miss. 389 (1858), citing *Railroad Co.* v. *Rollins, Admr., Ibid,* 384, where, in the opinion by Harris, J., the following language appears: "At common law, it was formerly held, that if an administrator had judgment in right of his intestate, and died before execution, that the administrator *de bonis non* could not have a *scire facias,* so as to take out execution on this judgment, not being privy to the record. Bacon's Abr. title Execution, F.; *Grout,*

*Admr.,* v. *Chamberlin,* 4 Mass. 612.   By the Act of 17 Car. 2, ch. 8, § 2, this rule of the common law was changed in England, and the administrator *de bonis non* was allowed, upon *scire facias,* to have execution.   Under this act, it was held in England that the administrator *de bonis non,* without revivor, might perfect execution already begun by the original executor or administrator, *'for the right it is said, now comes to him.'* 1 Lomax on Exrs., 326; 1 Salk. 323; 2 Lord Ray. 1072; 6 Mod. 290; 11 Ib. 34; Holt, 303, 646.   In this State, *full privity* is in the same manner established by the Act of 1846; Hutch. Code, 855, Art. 12; Rev. Code, 456, Art. 124; and revivor in the name of the administrator *de bonis non* provided for. His *right to the judgment,* on the death or removal of the previous executor or administrator, is expressly provided for by Art. 135, Rev. Code, 457.   The interest of the administrator *de bonis non,* under our statutes, cannot, therefore, be doubted."   While the Act of 17 Car. 2, Ch. 8, § 2, was not among the English statutes introduced into this colony (see Digest of Laws, 1745 to 1752, p. 70, and Dig. 1767, p. 55), early provision was made whereby "when any judgment shall be had, by or in the name of any executor or administrator, in such case an administrator *de bonis non* may sue out a writ of *scire facias,* and take execution upon such judgment."   Digest 1798, p. 301, § 19.

It thus appears that the defendant executor is the only proper party to represent the estate; that in case of his death, the estate would properly be represented by an administrator *de bonis non;* that such executor and administrator, respectively, represent the entire estate, including the prospective interest of the petitioners therein; that, the statutes having thus provided the manner in which the estate shall be represented, all other ways are excluded; that the petitioners are not permitted to represent their interest in the estate as parties, because no such method has been provided by the legislature.

As it is perfectly clear that the petitioners are neither parties nor privies to the record, the writ must abate.

*Edward M. Sullivan,* for petitioners.

*Hugh J. Carroll,* for Margaret Gilbane.