ELIZABETH M. McLAUGHLIN *vs.* ANNA E. DUNLOP, *Ex'x.*

APRIL 27, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is an action of assumpsit brought by the payee of a promissory note against the defendant in her representative capacity as executrix of the will of Edwin G. Dunlop. A justice of the superior court overruled plaintiff's demurrer to the defendant's plea in abatement. The case is now before us on the former's exception to such ruling.

Ordinarily a decision on a demurrer to a plea is not such a final decision on the merits, under general laws 1938, chapter 542, §12, as to permit a case to be brought to this court on a bill of exceptions. But the decision in the instant case is unusual in that the ruling of the trial justice overruling plaintiff's demurrer, in its effect, amounted to a dismissal of plaintiff's writ and declaration with costs. Were we to refuse to entertain plaintiff's bill of exceptions under such circumstances she would be denied an opportunity to litigate her case on the merits. The ruling of the trial justice in its effect amounts to the sustaining of a substantial demurrer to plaintiff's declaration. See *Davis* v. *O. D. Purington Co., Inc.*, 58 R. I. 482.

The record in this case discloses the following facts. Unless otherwise specified, the dates hereinafter mentioned refer to the year 1938. On February 8 the plaintiff petitioned the probate court of the town of Cumberland for leave to file her claim out of time under G. L. 1923, chap. 365, sec. 3, now G. L. 1938, chap. 578, §3. This petition, as amended, was granted on April 19 and a decree to that effect was duly entered on that same day. On April 21 the plaintiff filed her claim in accordance with that decree,

which claim was disallowed on April 25 by the defendant. On May 10 the defendant appealed, from the decree of April 19, to this court and also to the superior court, she being in doubt as to which court had jurisdiction of her appeal in the then existing circumstances. Unless otherwise necessary, these appeals will hereinafter be treated as an appeal solely to this court.

The action in the instant case was commenced by writ dated July 22, which writ, with the plaintiff's declaration, was entered in the superior court on August 24. The defendant's plea in abatement was filed September 2. Nothing further was done in the case until May 16, 1940 when the plaintiff demurred to the defendant's plea in abatement. Between the filing of such plea and the filing of such demurrer thereto, this court, by its opinion of May 25, 1939, affirmed the decree of the probate court allowing the plaintiff to file her claim out of time. *Dunlop* v. *McLaughlin*, 62 R. I. 417. The demurrer was heard and overruled by a justice of the superior court on October 21, 1940.

The defendant's plea in abatement sets out, in considerable detail, the course of prior litigation between the parties in connection with the plaintiff's claim, stress being laid upon the fact that when the present suit was commenced defendant's appeals from the decree of the probate court of April 19, which allowed the plaintiff to file her claim out of time, were then pending in this court and in the superior court. The plea concludes "that in consequence of said appeals, by virtue of Section 11 of Chapter 362 of the General Laws of 1923 (now G. L. 1938, chap. 573, § 11) the operation of said decree of April 19, 1938 has been suspended, and plaintiff's said action is premature; and this the defendant is ready to verify. Wherefore defendant prays judgment if she ought to be required to further answer the writ and declaration aforesaid and for her costs." (parenthesis ours)

The plaintiff demurred to this plea on the following grounds: (1) That the plea is vague and uncertain; (2) that

it is argumentative; (3) that it omits to state that the claim was disallowed by the defendant executrix; (4) that it is disproved by the record; (5) that no appeal was then pending; and (6) that the plea does not give the plaintiff a better writ or declaration.

We have examined defendant's plea in abatement and find that it does not meet the strict requirements that such a plea must satisfy. Besides being vague and argumentative, it omits to state the material and undisputed fact that the plaintiff's claim was disallowed by the defendant before the latter claimed her appeal; and it merely "prays judgment if she ought to be required to further answer the writ and declaration aforesaid and for her costs." In these peculiar circumstances the defendant's plea in abatement really appears to be a motion to stay further proceedings by virtue of G. L. 1938, chap. 573, § 11, which statute is specifically mentioned in that plea.

The decree of the probate court involved in this case was in full force and effect until the defendant claimed her appeal therefrom. The plaintiff, in filing her claim at the time when she did file it, was within her rights in accordance with that decree. Likewise, the defendant, acting under G. L. 1938, chap. 578, § 6, which provides that a claim filed after one year from the notice of the qualification of the executor may be disallowed within thirty days after notice of its filing, properly disallowed plaintiff's claim under that statute. Upon such disallowance, the plaintiff became subject to the provisions of G. L. 1938, chap. 578, § 11, which, in so far as pertinent, provides that: "Suit may be brought on a disallowed claim within 6 months after notice is given to the claimant that the same is disallowed . . . and, unless otherwise authorized, suit on such claim shall not be brought thereafter against the executor or administrator." This court has held that when no suit is brought on a disallowed claim within the statutory period the claim is barred, in the absence of proper authoriza-

tion to bring such suit later. *O'Rourke* v. *O'Rourke*, 55 R. I. 367; *Carney* v. *Hawkins*, 34 R. I. 297.

After the time specified in the statute last above mentioned had begun to run against the plaintiff, the defendant claimed the appeal hereinbefore mentioned under G. L. 1938, chap. 573, § 1, which provides that any party aggrieved by a decree of the probate court may appeal therefrom within forty days after entry of such decree. Upon the taking of that appeal, the provisions of G. L. 1938, chap. 573, § 11, which the defendant cites in her plea, took effect. That section is as follows: "If an appeal is claimed from an order or decree of a probate court, the operation of such order or decree shall be suspended, except as otherwise provided, until the appeal is dismissed or discontinued or the order or decree shall be finally affirmed."

Notwithstanding the intervention of this statute, the plaintiff brought suit on her disallowed claim in compliance with G. L. 1938, chap. 578, § 11. She argues that she did not do so for the purpose of securing a determination on the merits of her claim while the defendant's appeal was pending, but that she brought such suit so that she might not later be charged with a failure to observe the terms of said § 11, if and when the defendant's appeal from the decree of the probate court should be determined in plaintiff's favor. The defendant contends that her appeal rendered null and void all proceedings taken by the plaintiff in connection with her claim under the decree of the probate court; or, in the alternative, that the bringing of suit by the plaintiff in the circumstances was without force and effect. We cannot agree with either of the defendant's contentions.

Probate procedure is governed by statute. The interlocking system that the legislature has adopted for the reasonably prompt settlement of estates of decedents must be viewed as a whole. Each provision in such system is an integral part of the entire plan and affects every other related provision. If two or more such provisions seem

to conflict, they should be so construed, if reasonably possible, as to give effect to all.

Although G. L. 1938, chap. 573, § 11, upon which the defendant here so strongly relies, suspends "the operation" of a probate court decree pending an appeal therefrom by an aggrieved party until the appeal is discontinued, dismissed, or finally affirmed, it clearly does not prohibit, during the pendency of the appeal, the taking of such a purely procedural step, as was taken by the plaintiff in this case, in connection with the matter covered by the decree, a step which required no immediate ruling or determination by the court.

This case is different from *Davis* v. *Higgins*, 63 R. I. 352, where we held that a plaintiff could bring suit on a disallowed claim within six months after the opinion of this court disposing of an appeal from a probate court decree, notwithstanding his non-observance of the statute respecting the bringing of such suit because of the provision of said chap. 573, § 11. Here, quite to the contrary, the plaintiff brought suit on her disallowed claim in strict compliance with statute. This procedural step so taken was not null and void nor was it extinguished by said § 11, as the defendant contends, although its effect was suspended until her appeal was finally determined. The validity of such step was in fact affirmed when such appeal was dismissed by this court. To sustain the defendant's contention in the circumstances of this case would be to penalize a successful plaintiff for having observed the requirement of a strict procedural statute. We find no warrant for such conclusion.

The case of *Dyer* v. *Dyer*, 17 R. I. 547, upon which the trial justice relied in sustaining the plea in abatement of the present defendant, is clearly distinguishable in its facts and therefore inapplicable to the case at bar. No question of procedure was involved in that case. There the question before the court was to what extent, if any, a statutory benefit claimed by a widow in the real estate of

her deceased husband was affected by a statute substantially the same as our said chap. 573, § 11.

The exception of the plaintiff is sustained, and the case is remitted to the superior court for further proceedings.

*George F. Treanor,* for plaintiff.

*Walling and Walling and Carroll, Ambrose W. Carroll,* for defendant.