DECISION
This case is before the Court on appellant Bethani Bentsen's appeal of the September 19, 2002 order of the Probate Court for the Town of East Greenwich that denied her petition to allow a proof of claim. The Probate Court held that she had failed to file her petition within ten days from receiving notice of the disallowance of her claim, as required by R.I. Gen. Laws §33-11-16. On appeal, appellant Bentsen seeks reversal and remand of this matter to the Probate Court for a hearing on the merits of her petition. She contends that the ten day statutory limitation period is not mandatory and further asserts that the Probate Court must hear original challenges to disallowed claims. Mark G. Finn, Executor of the Estate of Audrey Finn and respondent below, counters that the Probate Court was correct to deny appellant Bentsen's petition when she failed to file it within the required ten day period. For the reasons set forth below, this Court affirms the Probate Court's order, denying appellant Bentsen's petition to allow a proof of claim.
 FACTUAL BACKGROUND AND PROCEDURAL HISTORY
The dispute before this Court arose out of a bequest of a horseshoe-shaped diamond cocktail ring, once belonging to the decedent, Audrey B. Finn. Mrs. Finn died on October 31, 2001. In her Last Will and Testament, dated October 24, 2000, Mrs. Finn declared: "I give my horseshoe-shaped diamond cocktail ring to my dear friend Bethany Bentson." Subsequent to her death, in November 2001, the Probate Court appointed Mark Finn, Mrs. Finn's son, as executor of her estate. On December 28, 2001, the Executor filed an affidavit stating that after thoroughly searching his mother's home and safe deposit box, he was unable to locate the horseshoe-shaped diamond cocktail ring.[1] On February 1, 2002, appellant Bentsen filed a claim with the East Greenwich Probate Court pursuant to R.I. Gen. Laws § 33-11-4, requesting that she be given either the ring that Mrs. Finn had bequeathed to her or, in the alternative, the value of the ring or a substitution of equal value. As he could not locate the ring, the Executor issued a disallowance of appellant Bentsen's claim on February 14, 2002, which her attorney received by certified mail on February 22, 2002. The Executor filed the statement disallowing the claim with the Probate Court on February 27, 2002.
On March 20, 2002, appellant Bentsen filed her Petition to Allow Proof of Claim and to Implement Proceedings in Support Thereof. In her petition, appellant Bentsen asked for allowance of her proof of claim for the diamond ring, the value of the ring or a substitution of equal value. She also asked to be allowed to conduct discovery in aid of her petition. The Probate Court denied her petition on September 19, 2002, holding that appellant Bentsen failed to comply with the terms of R.I. Gen. Laws §33-11-16, requiring that such requests be filed within ten days after disallowance of a claim. Pursuant to R.I. Gen. Laws §33-23-1, appellant Bentsen appealed from the Probate Court's order to this Court on October 2, 2002. Appellant Bentsen argued that the Probate Court misconstrued R.I. Gen. Laws § 33-11-16 byrequiring her to file for a proof of claim hearing on her disallowed claim within ten days of the disallowance. According to appellant Bentsen, the ten day time limitation is not mandatory and, therefore, the Probate Court erroneously denied her petition.
The Executor thereafter filed a motion to dismiss appellant Bentsen's probate appeal, claiming that she did not properly file the appeal in accordance with R.I. Gen. Laws § 33-23-1. After hearings on the motion, the Rhode Island Superior Court, on December 9, 2003, denied the Executor's motion to dismiss.[2] The motion justice, as well as the parties, agreed that the motion to dismiss raised only a question of proper venue.[3] The motion justice was prepared to transfer the matter to the Kent County Superior Court, the appropriate venue; the litigants, however, consented to venue in Providence County Superior Court.[4] As such, appellant Bentsen's appeal is now before this Court for decision.
 STANDARD OF REVIEW
Pursuant to R.I. Gen. Laws § 33-23-1, the Superior Court may review a probate court's order. "Any person aggrieved by an order or decree of a probate court . . . may, unless provisions be made to the contrary, appeal to the superior court for the county in which the probate court is established. . . ." R.I. Gen. Laws §33-23-1 (a). When "hearing probate appeals, `the Superior Court is not a court of review of assigned errors of the probate judge, but is rather a court for retrial of the case de novo.'" In reEstate of Paroda, 845 A.2d 1012, 1017 (R.I. 2004) (citingMalinou v. McCarthy, 98 R.I. 189, 192, 200 A.2d 578, 579
(1964)); see also, R.I. Gen. Laws § 33-23-1 (d). While the record of a probate court proceeding may be introduced on appeal, "the findings of fact and/or decisions of the probate court may be given as much weight and deference as the superior court deems appropriate, however, the superior court shall not be bound by any such findings or decisions." R.I. Gen. Laws § 33-23-1
(d).[5]
 ANALYSIS
The issue before this Court is whether appellant Bentsen complied with the requirements of R.I. Gen. Laws § 33-11-16, which sets forth the procedure under which probate courts hold proof of claim hearings for disallowed claims in solvent estates, and if she did not, whether the Probate Court nonetheless must hold a hearing on her disallowed claim. R.I. Gen. Laws § 33-11-16
provides in full:
 If the estate is solvent, the executor, administrator, or creditor filing the claim may, within ten (10) days after disallowance of a claim, file a request that any claim disallowed be proved before the probate court. All claims disallowed shall be heard and decided by the probate court, and no suit shall be brought upon any claim, until a hearing is held by the court.
Appellant Bentsen argues that although she did not file her request for proof of claim within ten days of the disallowance of her claim for the ring, she is still entitled to a hearing before the Probate Court. She maintains that because the statute uses the term may (". . . creditor filing the request may, within ten days after disallowance of a claim, file a request that any claim disallowed be proved before the probate court"), the ten day limitation period is not mandatory. It is her contention that, according to the second sentence of R.I. Gen. Laws §33-11-16, all disallowed claims are required to be heard by the probate court, even if the request is filed outside the ten day period.
In contrast to appellant Bentsen's assertions, the Executor would have this Court hold that when an executor, administrator, or claimant files a request for a proof of claim hearing before the probate court but fails to do so within the ten day period proscribed by R.I. Gen. Laws § 33-11-16, the probate court is without authority to hear the disallowed claim. Further, the Executor contends that when R.I. Gen. Laws § 33-11-16 is read together with R.I. Gen. Laws § 33-11-48, it becomes clear that the General Assembly intended for there be two potential mechanisms by which a claimant may pursue a disallowed claim with respect to a solvent estate. According to the Executor, appellant Bentsen's interpretation of R.I. Gen. Laws § 33-11-16, which would require all disallowed claims to be heard by the probate court, would conflict directly with the provisions set forth under R.I. Gen. Laws § 33-11-48. As R.I. Gen. Laws § 33-11-48
permits suits to be brought in the Superior Court on disallowed claims "unless the estate has been represented as insolvent or request that the claim before the probate court has been duly filed," the Executor asserts that the General Assembly established a mechanism through which a court, other than a probate court, could hear suits on disallowed claims. If appellant Bentsen's interpretation were correct, the Executor argues that R.I. Gen. Laws § 33-11-48, allowing for suits on disallowed claims to be brought outside the probate court, would be a nullity; therefore, this cannot be the General Assembly's intent.
To resolve these competing arguments, this Court must engage in statutory construction. This Court is mindful of the long tradition of legal authority that prohibits a court of review from engaging in statutory construction if the statute before it is clear and unambiguous. Sindelar v. Leguia, 750 A.2d 967,970 (R.I. 2000); State v. Suerno, 721 A.2d 426, 428 (R.I. 1998); McGuirl v. Anjou Intern. Co., 713 A.2d 194, 197 (R.I. 1998). In such cases, the court is to apply the plain meaning of the language used. Accent Store Design, Inc. v. Marathon House,Inc., 674 A.2d 1223, 1226 (R.I. 1996). However, the court is "obligated to give effect to all of an act's provisions, with no sentence, clause or word construed as unmeaning or surplusage."State v. Caprio, 477 A.2d 67, 70 (R.I. 1984); see also,Murphy v. Murphy, 471 A.2d 619, 622 (R.I. 1984) ("In construing a statute, this court must give effect to all parts of a statute. . . ."); Bijou Amusement Co. v. Toupin,63 R.I. 503, 509, 9 A.2d 852, 854 (1939) ("[A]ll pertinent provisions in a statute must be given effect, if reasonably possible, so that no part will become inoperative").
R.I. Gen. Laws § 33-11-16 is composed of two sentences. If each were read in isolation, this Court would have no trouble finding the language in each to be clear and unambiguous. For example, the first sentence, when read alone, would seem clearly to mean that when an estate is solvent, its creditors, executors, or administrators have ten days to file for a proof of claim hearing in the probate court should they seek to challenge a disallowance in that forum. Similarly, if one were to read the second sentence in isolation from the remainder of the statute, it unambiguously would mean that the probate court shall hear and decide disallowed claims before suit on such claims may be brought elsewhere. As the Supreme Court of Rhode Island has cautioned, however, this Court is not to read the provisions of a statute in isolation. Sorenson v. Colibri Corp., 650 A.2d 125, 128 (R.I. 1994) (To determine the intent of the General Assembly, the court must "consider the statute as a whole . . ."). When read together as a whole and in relation to the remaining statutory provisions on probate practice, specifically R.I. Gen. Laws § 33-11-48, R.I. Gen. Laws § 33-11-16 becomes unclear as to whether a failure to file for a proof of claim hearing within ten days of disallowance prohibits a probate court from ultimately hearing the disallowed claim. The first sentence of R.I. Gen. Laws § 33-11-16 states that certain individuals "may" file for a proof of claim hearing with the probate court. Yet, the second sentence provides that the probate court "shall" hear all disallowed claims. On its face, therefore, it is unclear how these sentences can be reconciled, as the first sentence apparently makes the proof of claim hearings permissive, while the second sentence seemingly mandates their occurrence.
In addition to being internally ambiguous, the language in R.I. Gen. Laws § 33-11-16, apparently requiring all disallowed claims to first be heard by the probate court, also seemingly contradicts the provisions of R.I. Gen. Laws § 33-11-48. The second sentence of R.I. Gen. Laws § 33-11-16 states that "All claims disallowed shall be heard and decided by the probate court, and no suit shall be brought upon any claim, until the hearing is held by the court." However, on its face, R.I. Gen. Laws § 33-11-48 would seem to allow actions on certain disallowed claims to be brought in the Superior Court without the probate court first holding a hearing on the matter. R.I. Gen. Laws §33-11-48 provides:
 Suit on claims disallowed prior to the expiration of six (6) months from first publication may be brought no later than thirty (30) days after the expiration of six (6) months from first publication, and suit on claims disallowed after the expiration of six (6) months from first publication may be brought within thirty (30) days after notice is given to the claimant that the claim is disallowed, unless the estate has been represented as insolvent or request that the claim before the probate court has been duly filed; and, unless otherwise authorized, suit on the claim shall not be brought thereafter against the executor or administrator. If, subsequent to the expiration period in which suit may be brought, the executor or administrator shall represent the estate as insolvent, a disallowed claim, on which suit is barred by the foregoing provision of this section, shall not be provable before the probate court. "Where two apparently inconsistent provisions are contained in a statute, every effort shall be made to construe and apply the provisions as consistent." Falstaff Brewing Corp., re: Narragansett Brewery Fire, 637 A.2d 1047, 1051 (R.I. 1994) (citing Brennan v. Kirby, 529 A.2d 633, 637 (R.I. 1987)). As the General Assembly has enacted more than one statute concerning disallowed claims, it is the duty of this Court to interpret R.I. Gen. Laws § 33-11-16
so that it reconciles with R.I. Gen. Laws § 33-11-48. The Rhode Island Supreme Court has declared in McLaughlin v. Dunlop, 68 R.I. 4, 8-9, 26 A.2d 3, 5
(1942):
 Probate procedure is governed by statute, and the interlocking system that the legislature has adopted for the reasonably prompt settlement of estates of decedents must be viewed as a whole. Each provision in such system is an integral part of the entire plan and affects every other related provision. If two or more of such provisions seem to conflict, they should be so construed, if reasonably possible, as to give effect to all.
This Court must "`consider the entire statute as a whole; individual sections must be considered in the context of the entire statutory scheme, not as if each section were independent of all other sections.'" Providence Worcester Railroad Co. v.Pine, 729 A.2d 202, 208 (R.I. 1999) (quoting Sorenson v.Colibri Corp., 650 A.2d 125, 128 (R.I. 1994)). Reading R.I. Gen. Laws § 33-11-16, not in isolation but in conjunction with R.I. Gen. Laws § 33-11-48, this Court finds that the General Assembly intended for there to be two potential mechanisms by which an aggrieved party could be heard on his or her disallowed claim with respect to solvent estates.[6]
R.I. Gen. Laws § 33-11-48 provides that, within certain specified time periods, an individual may bring suit on a disallowed claim directly in the Superior Court, as long as the estate is not insolvent or unless a "request that the claim before the probate court has been duly filed." Appellant Bentsen's assertion that all disallowed claims must be heard before the probate court therefore is erroneous, as the General Assembly has clearly expressed its intent that suits on disallowed claims may be filed directly in the Superior Court under certain circumstances. See Heflin v. Koszela,774 A.2d 25, 32 (R.I. 2001) ("When a claim against an estate has been timely brought in the probate court and then disallowed, a claimant may then file a Superior Court action pursuant to § 33-11-48.") Consequently, R.I. Gen. Laws § 33-11-16 does not provide the exclusive method for proving disallowed claims.
As further support for this conclusion, this Court is aware of several cases in which, under the facts before the courts, a party has directly brought his or her action to the Superior Court pursuant to R.I. Gen. Laws § 33-11-48, without first attempting to prove his or her claim in the probate court pursuant to R.I. Gen. Laws § 33-11-16. See, e.g., Heflin,774 A.2d at 31-32 ("When a claim against an estate has been timely brought in the probate court and then disallowed, a claimant then may file a Superior Court action pursuant to § 33-11-48"); Lerner v. Ursillo, 765 A.2d 1212, 1215 (R.I. 2001) (". . . co-administrators of [decedent's] will timely disallowed the claims and the claimants duly filed their probate appeal in the Superior Court"); Gray v. Ahern, 63 R.I. 363, 364,9 A.2d 38, 39 (1939) (". . . plaintiff filed a claim against the estate which was disallowed by the executors . . . [then] duly brought an action at law on the claim in the superior court"). InHeflin, for example, the Supreme Court of Rhode Island held that ". . . he, like every other creditor of the estate . . . was required to file his probate court claim pursuant to § 33-11-5, and to file any subsequent Superior Court action challenging the denial of that probate claim, pursuant to § 33-11-48." Heflin,774 A.2d at 31. It is important to recognize that the Supreme Court made no reference in Heflin to a requirement that a proof of claim hearing first must be brought through the probate court as appellant Bentsen asserts is required under R.I. Gen. Laws §33-11-16. All that is required is that the claim be brought first in the probate court; all suits on disallowed claims need not necessarily be brought there. The Court in Heflin
specifically stated that "When a claim against an estate has been timely brought in the probate court and then disallowed, a claimant may then file a Superior Court action pursuant to § 33-11-48." Id. at 32.[7] Accordingly, this Court finds that appellant Bentsen has misinterpreted the language of R.I. Gen. Laws § 33-11-16 and that the probate court is not the exclusive forum in which an aggrieved party may potentially be heard on his or her disallowed claim.
Appellant Bentsen asserts, however, that our Supreme Court's interpretation of R.I. Gen. Laws § 33-11-16 in Carney v.Superior Court, 30 R.I. 276, 74 A. 1018 (1910), demonstrates that her failure to file for a proof of claim hearing in the Probate Court within the ten day time period prescribed by that statute does not prevent her from having her claim heard by the Probate Court. Specifically, appellant Bentsen relies on the language of the Rhode Island Supreme Court when it stated:
 The petitioners, being interested, did so file their objections, and the executor disallowed the claim. C.P.A. § 888, provides that the executor or administrator may, within ten days after disallowance of a claim, if the estate is solvent, file a request that claims disallowed be proved before commissioners. This provision is not compulsory.[8]
Id. at 283.
Appellant Bentsen argues that Carney establishes that because R.I. Gen. Laws § 33-11-16 is not compulsory, she still could request a proof of claim hearing on her disallowed claim despite having failed to timely file it within ten days of the disallowance. This Court, however, finds that Carney does not stand for the proposition advanced by appellant Bentsen. While R.I. Gen. Laws § 33-11-16 is not compulsory in all cases, as was declared in Carney, it is not simply the timing that is not compulsory; rather, what is not compulsory is that under certain circumstances an executor, creditor, or administrator need not even bring a request for a proof of claim before the probate court using the procedure set forth in R.I. Gen. Laws § 33-11-16. Instead of bringing the request for proof of claim in the probate court, an aggrieved claimant instead potentially could use the mechanism provided in R.I. Gen. Laws § 33-11-48 and bring suit directly in the Superior Court. The Supreme Court in Carney
specifically made that point clear when it declared: "Section 891 provides that if the estate is solvent, and commissioners are not appointed, suit must be brought on a disallowed claim within six months after notice is given to the creditor that the same was disallowed."[9] Carney, 30 R.I. at 283-84, 74 A. 1021. Clearly, pursuant to Carney, one is not always required to have commissioners appointed, or, in the modern sense, file for a proof of claim hearing.
Applying the above analysis to the facts here, and contrary to appellant Bentsen's assertions, the probate court is not required to hold proof of claim hearings on all claims disallowed, as R.I. Gen. Laws § 33-11-48 permits certain suits on disallowed claims to be brought directly in the Superior Court without first being heard in the Probate Court. Appellant Bentsen, though, attempted to have a hearing in the Probate Court to prove her claim under R.I. Gen. Laws § 33-11-16. Thus, by making the decision to seek relief in the Probate Court, appellant Bentsen was obligated to follow the requirements of R.I. Gen. Laws § 33-11-16, including its ten day time limitation for filing a request for a proof of claim hearing. It is undisputed that appellant Bentsen failed to file her request for a proof of claim hearing in the Probate Court within ten days of the disallowance of her claim. Pursuant to R.I. Gen. Laws § 33-11-16, therefore, appellant Bentsen is barred from having her proof of claim heard on its merits in the East Greenwich Probate Court and that Court did not err when it denied her request.[10] Accordingly, this Court affirms the East Greenwich Probate Court's order dated September 19, 2002 that denied appellant Bentsen's petition to allow for a proof of claim hearing.
 CONCLUSION
Appellant Bentsen elected to have the East Greenwich Probate Court hear her challenge to her disallowed claim pursuant to R.I. Gen. Laws § 33-11-16 when she filed her request for a proof of claim hearing with the Probate Court. She failed, however, to file her petition within ten days of the disallowance of her claim as required by that statute. This Court thus affirms the East Greenwich Probate Court's order, denying appellant Bentsen's request for a proof of claim hearing before the Probate Court, on the grounds that it was not timely filed. Counsel shall confer and submit to this Court forthwith for entry an agreed upon form of order and judgment that is consistent with this Decision.
[1] The horseshoe-shaped diamond ring was the only piece of jewelry that the Executor could not locate, and it was the only piece of jewelry that was not bequeathed to either the Executor or his children.
[2] R.I. Gen. Laws § 33-23-1 provides that appeals from a probate court may be brought in the Superior Court for the county in which the probate court is established. As the order appealed from here was issued by the Probate Court for the Town of East Greenwich, the Executor argued that appellant Bentsen should have filed her appeal with the Kent County Superior Court and not the Providence County Superior Court. The Executor contended that because appellant Bentsen had failed to perfect her appeal, the appeal should be dismissed. The motion justice, however, denied the Executor's motion, holding that because the statute used the term "may," appellant Bentsen's filing in the wrong county was not fatal to her entire appeal. (Tr. at 2-3.)
Thereafter, on April 28, 2004, the Executor filed a second motion to dismiss, arguing that appellant Bentsen had failed to file a brief in accordance with the briefing schedule order. The Superior Court also denied this motion.
[3]
"THE COURT: So it's a matter of venue.
MR. VALLONE [attorney for Bentsen]: Exactly.
 MR. SCOTT [attorney for Finn]: That's correct, Your Honor." (Tr. at 2.)
[4]
 "THE COURT: . . . I am going to order the matter be transferred to Kent County.
 MR. SCOTT: Your Honor, I think, my brother and I discussed this, the case has been sitting around for awhile, kind of fell off, if we could —
THE COURT: You want me to keep it here.
MR. VALLONE: We do.
 MR. SCOTT: In the alternative hoping you would." (Tr. at 3-4.)
[5] "By agreement of the parties, the record of proceedings, including the certified documents and the transcript (if any) from the probate proceedings, may be introduced in the Superior Court without further authentication." R.I. Gen. Laws §33-23-1(d).
[6] This Court does not determine under what circumstances a party is required to request a proof of claim hearing in the probate court as opposed to when an aggrieved party can bring a suit on a disallowed claim directly in the Superior Court, as such issues have not been raised by the parties. Similarly, this Court does not intend to imply that any action on a disallowed claim may first be brought in the Superior Court. In order to resolve the present matter, this Court need only recognize that the statutory scheme provides a mechanism through R.I. Gen. Laws § 33-11-48 under which certain suits on disallowed claims may be brought originally in the Supreme Court. Accordingly, appellant Bentsen's interpretation of R.I. Gen. Laws § 33-11-16 that the Probate Court is required to hold proof of claim hearings on all disallowed claims is erroneous.
[7] Further, the Court did not indicate that the probate court is the forum required to make disallowances; rather, our General Assembly has provided the executor or administrator with the power to disallow claims. R.I. Gen. Laws § 33-11-14 provides:
 Any claim filed within six (6) months from the first publication may be disallowed within six (6) months and thirty (30) days from the first publication by the executor or administrator, or by any person interested, by filing in the office of the clerk of the probate court a statement disallowing the claim, and giving notice in writing, either personally or by registered or certified mail, to the claimant, whose claim is disallowed. . . .
[8] C.P.A. § 888 is now codified at R.I. Gen. Laws § 33-11-16.
[9] C.P.A. § 891 is now codified in R.I. Gen. Laws § 33-11-48.
[10] Whether appellant Bentsen has a suit that may be brought pursuant to R.I. Gen. Laws § 33-11-48 and whether any such claim is time-barred is not before this Court for decision. This Court takes no position on those issues, as she has neither raised them nor attempted to assert a claim under R.I. Gen. Laws § 33-11-48. Accordingly, this Court limits its decision to the issues raised in her probate appeal.