**STATE**

v.

**Keith B. PITTMAN.**

No. 86–133–C.A.

Supreme Court of Rhode Island.

Oct. 31, 1986.

Arlene Violet, Atty. Gen., Thomas Dickinson, Sp. Asst. Atty. Gen., for plaintiff.

H. Beecher, Providence, for defendant.

OPINION

PER CURIAM.

This case came before the court on an order to show cause why the appeal should not be dismissed. The defendant, Keith B. Pittman, appeals from Superior Court convictions for robbery and possession of a

stolen vehicle. After reviewing the record and hearing arguments of counsel on October 8, 1986, we conclude that cause has not been shown.

The following precis of the facts is necessary to articulate the issues. On May 30, 1984, two Providence police officers witnessed a black male throw an elderly woman to the ground near Hartford Avenue. He took her purse and immediately got into a nearby motor vehicle driven by defendant, who was sixteen years old. As he entered the vehicle, he said to the driver, "Let's go." The vehicle, an orange Oldsmobile Cutlass, had been reported stolen earlier that day. A car chase ensued between police and defendant, resulting in his arrest.

The Family Court waived jurisdiction to hear the case, and defendant was tried and convicted as an adult in the Superior Court. The defendant appealed his conviction. He was ordered to address the following issues to show cause why the appeal should not be dismissed:

1. Whether the Family Court properly waived jurisdiction over defendant, a juvenile.

2. Whether the trial judge erred in denying defendant's new-trial motion.

The waiver issue is not properly before this court because defendant has not produced the Family Court record for this court to review. It is therefore impossible for us to determine whether the Family Court properly waived jurisdiction.

The defendant next contends that the trial justice erred in denying his motion for a new trial. In ruling on a new-trial motion, the trial justice must weigh the evidence and the credibility of the witnesses through the exercise of his own independent judgment. *State v. Caprio,* 477 A.2d 67, 73 (R.I.1984). "If he determines that the evidence is sufficient for a jury to conclude that guilt exists beyond a reasonable doubt, the justice will deny the motion." *Id.*

In the instant case the trial justice properly addressed these standards as indicated. The record convinces us that the trial justice properly denied the defendant's motion for new trial.

For the reasons stated, the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.