STATE

v.

Michael MARTELLINI, et al.

86–279–C.A.

Supreme Court of Rhode Island

Nov. 16, 1987

James E. O'Neil, Atty. Gen., Thomas Dickinson, Jane M. McSoley, Asst. Attys. Gen., for plaintiff.

William A. DiMitri, Jackvony & DiMitri, for defendant.

John F. Sheehan, Providence, Joseph Balliro, Boston, Mass., for Charles Anthony.

OPINION

KELLEHER, Justice.

The defendants Charles Anthony and Michael Martellini were convicted by a Superior Court jury on charges of obtaining money under false pretenses from the city of Providence in connection with a contract to supply asphalt for street paving. In their appeal they fault the trial justice for his refusal to pass the case as well as his denial of their motion for a new trial.

On May 24, 1982, General Road Trucking, Inc. (General Road), was engaged by

the Providence Department of Public Works to furnish and place asphalt on various streets in the city for a period of one year. After performance of the contract began, the city made periodic payments based on invoices prepared and submitted by General Road. These invoices purportedly reflected the quantities of asphalt supplied to the Department of Public Works and recorded on delivery slips signed and verified by an authorized city employee.

When Providence officials detected a shortage in the amounts of asphalt supposedly delivered to the city, the State Police were notified and an investigation ensued. As a result of that probe, several indictments were returned. General Road was charged with eight counts of obtaining money under false pretenses. The defendant Charles Anthony and his associate Joseph D. Anthony, both officers and employees of General Road, were indicted on eight similar counts in addition to one count of conspiracy to obtain money under false pretenses. The defendant Michael Martellini, an employee of Providence, was also charged with eight counts of obtaining money under false pretenses and one count of conspiracy.

The state's presentation of evidence spanned a two-week period during which the trial justice admitted 102 full exhibits and the jury heard the testimony of 24 witnesses. Among the witnesses were truck drivers from General Road who described the company's procedure for delivering asphalt during the Providence paving project.

The drivers testified that asphalt was loaded into trucks and weighed at a plant in Coventry. A General Road employee at the weigh station, usually Charles Anthony, then completed a delivery slip by noting the weight of each load. Subsequently the asphalt was delivered to Providence where the driver presented the delivery slip to the city's job-site foreman, who in the current controversy was defendant Michael Martellini. Martellini signed the receipt portion of the slip and retained a copy for city hall records. Another copy of the delivery slip was returned by the truck driver to General Road where invoices were prepared based on the quantities of asphalt indicated on the receipted delivery slips.

The charges before us are based on the state's claim that the Anthonys and Martellini conspired to falsify delivery slips for eight nonexistent loads of asphalt, thereby billing the city for paving material that was never delivered. At the close of the prosecution's case, the trial justice granted defendants' motion for judgment of acquittal on all conspiracy counts, on all counts against General Road and Joseph D. Anthony, on all but five counts of obtaining money under false pretenses pending against Charles Anthony, and on all but two counts of the same offense lodged against Michael Martellini. Hereafter we shall refer to Charles Anthony and Michael Martellini by their last names.

The defendants Anthony and Martellini, in faulting the trial justice for his failure to pass the case and declare a mistrial argued here, as they did before the trial justice, that the jury was confused by the large volume of both testimonial and documentary evidence introduced at trial, much of which was rendered irrelevant by the entry of the judgment of acquittal. Before the trial justice ruled on the motion to pass the case, the state suggested that defendants' motion be treated as one to strike evidence that Anthony and Martellini considered objectionable. The defendants rejected this characterization of their request for a mistrial, stating that the jury cannot "erase from their minds what they have heard in this case." The motion to pass was then denied, and the trial proceeded to closing arguments without the defense calling any witnesses.

During the trial justice's instructions he admonished the jurors to "cull out" the evidence relevant to each of the remaining counts. No objections were raised to the jury instructions; in fact, defendants stated that they were "satisfied" with the charge delivered by the trial justice. However, after the guilty verdicts were returned and the trial was completed, defendants moved for a new trial claiming that the verdict was against the weight of the

law and the evidence. The trial justice denied the motion after carefully reviewing the testimony of each witness and the relevant exhibits. He determined that the evidence was "totally credible" and that "there is more than ample evidence here to satisfy a jury beyond a reasonable doubt that the verdicts [were] not against the weight of the evidence but * * * entirely consistent with that evidence."

It is well established that motions to pass a case and declare a mistrial are matters within the sound discretion of the trial justice. *State v. Brown*, 522 A.2d 208, 210 (R.I.1987). The determination of the trial justice is to be given great weight and will not be disturbed unless clearly wrong. *State v. Fernandes*, 526 A.2d 495, 498 (R.I. 1987).

The trial justice must view the prejudicial effect of extraneous information within the context of the case at bar. *State v. Bowden*, 113 R.I. 649, 654, 324 A.2d 631, 635 (1974). The challenged material must "tend to inflame and arouse the passions of the jury." *State v. Caprio*, 477 A.2d 67 (R.I. 1984) (quoting *State v. Mancini*, 108 R.I. 261, 273–74, 274 A.2d 742, 748 (1971)). "If the prejudice is inexpiable, the motion to pass should be granted. If the prejudice can be cured, the instructions which follow must be timely and effective." *State v. Marrapese*, 116 R.I. 1, 7, 351 A.2d 95, 98 (1976). Absent a motion to strike, such curative instructions may be delayed until the trial justice charges the jury. *State v. Hoyle*, 122 R.I. 45, 404 A.2d 69 (1979).

An examination of the record indicates that the extraneous evidence was neither inflammatory nor inexpiable. The defendants argue that delivery slips and truck-driver records unrelated to the counts at issue were considered by the jury despite the cautionary instructions of the trial justice. Implicit in this argument is the contention that the jurors were incapable of following the trial justice's instruction to consider only relevant evidence. *State v. Sfameni*, 115 R.I. 18, 26, 339 A.2d 742, 746 (1975)(Joslin, J., dissenting). We find this position untenable.

In challenging the denial of their motion for a new trial, Anthony and Martellini claim that the guilty verdicts were predicated on unsubstantiated facts. Anthony states that the truck drivers' time cards, evidence that was probative of the number of fraudulent asphalt deliveries, were haphazardly prepared and consequently unreliable. Martellini contends that the connection between him and General Road, its officers and its finances, was never established.

The record indicates that the trial justice properly exercised his independent judgment by meticulously examining the evidence presented at trial. *State v. Caprio*, 477 A.2d at 73. He discussed the credibility of each witness and rejected the testimony of two General Road employees as evasive and biased. The trial justice also reviewed the material and relevant exhibits. He determined that "Mr. Martellini signed two of the delivery slips for which there was no load of asphalt to connect it and that defendant, Charles Anthony, made out eleven delivery or weight slips from which five would pertain to nonexistent loads of asphalt." Upon completion of his analysis the trial justice clearly articulated his rationale for denying the motion for a new trial. *State v. Robbio*, 526 A.2d 509 (R.I.1987). In fact, he stated that the evidence supported a conclusion of guilt beyond a reasonable doubt, a determination that compels denial of a new-trial motion. *State v. Pittman*, 516 A.2d 882, 883 (R.I. 1986).

For the foregoing reasons, the appeal of the defendants is denied and dismissed. The judgments of conviction appealed from are affirmed.