STATE

v.

**Leo BELANGER.**

**No. 00–419–C.A.**

Supreme Court of Rhode Island.

March 13, 2002.

Aaron L. Weisman, Providence, for Plaintiff.

Paula Rosin, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on January 28, 2002, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant, Leo Belanger (Belanger or defendant), appeals from a Superior Court judgment of conviction of three counts of a

five-count indictment for second-degree child molestation, for which he was sentenced to seven years imprisonment on each charge, to be served concurrently. The defendant additionally challenges the trial justice's finding that he violated the terms and conditions of a previously imposed suspended sentence for receiving stolen goods and must serve an eight-year sentence consecutive to the sentences for child molestation. After hearing the arguments of counsel, and considering the memoranda of the parties, we conclude that cause has not been shown. Accordingly, we shall decide the appeal at this time.

## Facts and Travel

Shirley Romero (mother or Romero), defendant's sister and mother of the two victims, Lauren and Erika,[1] was notified by a former neighbor that another former neighbor was suspected of being a child molester. Romero immediately questioned her daughters about the suspected child molester, and asked whether he had ever touched them. Lauren, the oldest, broke down and informed her mother, "No, our Uncle Leo did." Erika later told her mother that her Uncle Leo had attempted anal intercourse upon her. An investigation by the Woonsocket Police Department culminated in the instant indictment. Both the indictment and the state's answer to a bill of particulars say that the sexual molestation charged in counts 1 and 2 occurred between November 1, 1996 and March 30, 1997, and the sexual molestation charged in counts 3, 4 and 5 occurred between the first day of May 1994 and the thirtieth day of September 1995. At trial, mother testified that she and her daughters were living in North Carolina in 1994 and 1995, and did not return to Rhode Island to live until January 1996. The defendant then moved for judgments of acquittal on the ground that the complainants were absent from the state on the dates alleged in the indictment. The trial justice denied the motion and the defendant was found guilty of three counts of second-degree child molestation sexual assault: penile contact of both Lauren and Erika and buttocks contact with Erika. He was acquitted of two counts of first-degree child molestation sexual assault.

The defendant raises several issues on appeal. First, he alleges that the trial justice erred when he refused to enter judgments of acquittal or instruct the jury that the state must prove, beyond a reasonable doubt, that these offenses occurred within the dates stated in the indictments. Second, the trial justice committed reversible error when he refused to pass the case, or give a cautionary instruction after the prosecutor purportedly referred to defendant's failure to testify in his final argument. Third, the trial justice erred when he permitted the victim's doctor to testify about a physical examination of Lauren done by a different doctor with whom he was associated. Fourth, the trial justice erred when he permitted the younger daughter to testify that defendant admitted that at the time he molested her he was using drugs and, therefore, it would never happen again. Finally, defendant alleged that the trial justice erred when he declared him to be a probation violator for a previous conviction of receiving stolen goods.

## Indictment and Bill of Particulars

■■■ When deciding a motion for judgment of acquittal, the trial justice "must view the evidence in the light most favorable to the state, without weighing the evidence or assessing the credibility of

---

1. To protect the victims, these are fictitious names.

the witnesses and draw all reasonable inferences that are consistent with guilt." *State v. Henshaw,* 557 A.2d 1204, 1206 (R.I.1989)(citing *State v. Caruolo,* 524 A.2d 575, 581 (R.I.1987)). This Court must apply the same standard when reviewing the trial justice's ruling on such a motion. *Henshaw,* 557 A.2d at 1206. "Unless the evidence viewed in such a light is insufficient to warrant a verdict of guilty beyond a reasonable doubt by the jury, the motion should be denied." *State v. Andrade,* 657 A.2d 538, 542 (R.I.1995)(citing *Henshaw,* 557 A.2d at 1206–07). The defendant's sole argument in favor of a judgment of acquittal rests on physical impossibility; that is, the defendant did not commit these offenses because the children were in a different state during the time charged in the indictment. Clearly, to grant relief under this theory, the trial justice would be required to reject testimony that the children returned to Rhode Island for vacations during the time period and further, testimony that defendant had access to these children during these visits. The trial justice may not weigh the evidence or pass upon the credibility of the witnesses at this stage in a criminal trial. Further, the date of an offense is *not* an essential element of a crime. *State v. Espinosa,* 109 R.I. 221, 233, 283 A.2d 465, 471 (1971). Nor is the date of an offense an evidentiary fact that must be proven by the state. Therefore, we are satisfied that the trial justice did not err in denying defendant's motion for judgment of acquittal, and his refusal to so instruct the jury, was proper.

### Jury Instruction

█ The defendant next claims that during his closing argument the prosecutor improperly referred to his failure to testify when he argued,

"[The] defendant has made it easier for you. Notice I didn't say, 'easy.' * * * But, he's made it easier for you. Why?

Because there is no middle ground here. This is not an 'oops' case, okay? This isn't, 'I'm sorry, we were wrestling on the ground, my hand slid across her breast. It was inadvertent, okay?' This isn't, 'Yes, I was changing her diaper. I was checking to see if the Bacitracin was healing an earlier rash; so, if my finger touched the vagina, it was for an ambiguous reason or a reason that has nothing to [do with] a sexual contact.' It's not that. So, it's 'Yes, it happened the way the girl said it happened.' 'Well, no, it didn't happen when it didn't happen' and that's easier."

Defense counsel then moved to pass the case and, alternatively, he requested a cautionary instruction on the ground that these remarks amounted to inappropriate comment on the defendant's decision not to testify. The trial justice denied both requests.

█ "It is well settled that a decision to pass a case and declare a mistrial are matters left to the sound discretion of the trial justice." *State v. Suero,* 721 A.2d 426, 429 (R.I.1998). We have often stated that the trial justice possesses "a 'front-row seat' at the trial and can best determine the effect of the improvident remarks upon the jury." *State v. Tempest,* 651 A.2d 1198, 1207 (R.I.1995)(quoting *State v. Pailin,* 114 R.I. 725, 729, 339 A.2d 253, 255 (1975)). Therefore, the refusal of the trial justice to pass a case is accorded great deference and will not be disturbed on appeal unless it is shown to be clearly wrong.

The trial justice refused to declare a mistrial and stated that he would remedy any potential prejudice when he instructed the jury. Subsequently, in his charge to the jury, the trial justice explicitly stated that,

"the defendant had an absolute constitutional right to sit back and remain silent * * * [and] Mr. Belanger has chosen to exercise that constitutional right. * * * You may not even consider that fact in the course of your deliberations. * * * [Y]ou can draw no inference against him because he exercised his constitutional right."

We are satisfied that this instruction adequately remedied any potential prejudice caused by the prosecutor's remarks. Further, we are not persuaded that this frankly ambiguous comment referred to defendant's decision not to testify, but rather accurately addressed the defense put forth in this case. Additionally, an objection to the charge "must be lodged on the record before the jury retires to consider its verdict and must be sufficiently specific to bring into focus the precise nature of the alleged error." *State v. Cianci*, 430 A.2d 756, 765 (R.I.1981). In the present case, defendant failed to object at the close of instructions or otherwise alert the trial justice that the charge was deficient. However, were this objection properly preserved, we are satisfied that the trial justice gave an adequate instruction and appropriately declined to pass the case.

### Doctor's Testimony

■  The defendant next asserts that the trial justice erred when he permitted the prosecutor to cross-examine a medical witness called by the defense about observations made by a colleague in a report that disclosed a defect in Lauren's hymen. The trial justice permitted the questioning, stating that "the doctor's an expert. * * * [T]he jury doesn't have to believe his testimony. They can give it the weight that they feel it's deserving of."

The evidentiary hearsay exception for *"Records of Regularly Conducted Activity,"* [2] commonly referred to as the business records exception, covers the type of documentation discussed by the expert witness in this case and is the type of data that normally would be relied upon by the witness in evaluating his patient. Thus, we are of the opinion that its introduction into evidence was not error.

### Defendant's Statement

■  The defendant argues that the trial justice erred when he permitted Erika to testify about admissions defendant made that he had been using drugs at the time he molested her and that it would not happen again. The defendant argues that this evidence was extraneous to the issues before the court and highly prejudicial because the statement portrayed defendant as a drug abuser.

This Court has held that when actions or statements have "independent relevance to prove a circumstance indicating consciousness of guilt on the part of the defendant

2.  Rule 803(6) of the Rhode Island Rules of Evidence provides:

> **"Hearsay exceptions; availability of declarant immaterial.**—The following are not excluded by the hearsay rule, even though the declarant is available as a witness: * * * (6) *Records of Regularly Conducted Activity.* A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions or diagnoses, made at or near the time by, or from information transmitted by, another person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."

* * * [the statements will] be admissible in evidence." *State v. Acquisto,* 463 A.2d 122, 129 (R.I.1983). "[A] defendant has no right to be insulated from relevant truths 'even if such truths might lead the jury to draw less favorable inferences concerning defendant than if they were not exposed.' " *Id.* (quoting *State v. Cline,* 122 R.I. 297, 331, 405 A.2d 1192, 1210 (1979)). We conclude that defendant's statement to Erika, in which he seeks to justify his criminal behavior, is probative of defendant's consciousness of guilt and is, therefore, relevant and admissible testimony.

### Probation Violation

■ Finally, we conclude that the defendant's challenge to the finding of violation by the trial justice is without merit. The evidence in this case was more than sufficient to convince a jury of the defendant's guilt beyond a reasonable doubt. Thus, a finding of violation of probation based on a lesser standard of proof, mere reasonable satisfaction that a violation has occurred, has been clearly established in this case.

### Conclusion

Accordingly, the defendant's appeal is denied and dismissed and the judgment of the Superior Court is affirmed. The papers in this case are remanded to the Superior Court.